**Russell BARNES, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 97–81.

Supreme Court of Wyoming.

Jan. 8, 1998.

Michael R. O'Donnell of Burke, Woodard & O'Donnell, P.C., Cheyenne, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Barbara L. Boyer, Senior Assistant Attorney General, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Russell Barnes received supervised, conditional probation and a deferred judgment and sentencing under WYO. STAT. § 7–13–301 for two counts of aggravated assault. After the State petitioned to revoke his probation, Barnes petitioned to withdraw his guilty pleas. The district court denied that motion, and Barnes appeals.

We affirm the district court's order.

## ISSUES

Barnes presents these issues:

1. At an arraignment pursuant to W.S. § 7–13–301 (Wyoming's "first-offender statute"), the District Court instructed counsel for Mr. Barnes to elicit a factual basis for proposed pleas to two charges of aggravated assault. In the colloquy between Mr. Barnes and his counsel, it was clear that Mr. Barnes *did not* understand the nature of aggravated assault to include a threat of physical injury in accordance with *Johnston v. State*, 747 P.2d 1132, 1134 (Wyo.1987). His pleas were accepted anyway. Should the District Court have granted Mr. Barnes' motion to allow withdrawal of his pleas to correct this error?

2. The District Court accepted proposed pleas of guilty to *two* charges of aggravated assault. In *Dickson v. State*, 903 P.2d 1019, 1025 (Wyo.1995), this Court held that W.S. § 7–13–301 should "not be invoked in any instance in which more than one charge is being resolved." Should the District Court have granted Mr. Barnes' motion to allow withdrawal of his pleas to correct this error?

The State restates the issues to be:

I. Did the District Court abuse its discretion when it refused to allow appellant to withdraw his guilty pleas?

II. Did the District Court properly sentence appellant pursuant to Wyo. Stat. § 7–13–301 and not abuse its discretion when it denied appellant's motion to withdraw guilty pleas for alleged errors in applying the first offender statute?

## FACTS

On July 30, 1994, Barnes' wife returned home from a movie to find her husband in the basement and playing music loudly. The couple argued over the volume of the music, and Barnes assaulted his wife. Their daughter reported that she saw her father holding her mother's head down with a gun pointed at her head. She screamed at him, and Barnes released his wife, who promptly left with her children and went to the police station. When the police arrived, Barnes showed them that he had a gun and demanded the police take off their guns. The police refused, and eventually Barnes allowed them in for an interview. The police left, took written statements from the wife and daughter, and returned to arrest Barnes. Barnes had a pistol in his hand when he was informed he would be arrested. He pointed it

at two police officers and stated that he was not going to jail, and if they tried to take him, all would leave in body bags. He again refused to put down the gun and ran to a bedroom, slamming the door shut behind him. One police officer opened it and found Barnes aiming the gun at the officer. Barnes continued to state that he was not going to jail and that the only way they were all leaving was in body bags. This continued for several more minutes until police convinced Barnes to surrender.

Barnes was charged with three counts of aggravated assault for threatening to use a drawn deadly weapon on his wife and the two officers. He entered into a plea agreement which dismissed the first count and was placed on five years supervised probation under Wyo. Stat. § 7-13-301, the first-time offender statute, which defers judgment and sentencing. The agreement also required him to meet several conditions during probation, including receiving substance abuse rehabilitation treatment, abstaining from alcohol or drug use, and not breaking any laws. At a plea hearing, Barnes provided the court with a factual basis for pleading guilty to the two counts, and his plea was accepted. As permitted by Wyo. Stat. § 7-13-301, the court did not enter an adjudication of guilt at that time, but did place Barnes on supervised probation.

On June 14, 1996, the State petitioned to revoke Barnes' probation for drunk driving violations and resisting arrest. Barnes' filed a motion to withdraw his guilty pleas, contending that he had not understood the nature of the charges when he pleaded guilty and that *Dickson v. State*, 903 P.2d 1019 (Wyo.1995), ruled that Wyo. Stat. § 7-13-301 could not properly apply to more than one count. The district court denied the motion, revoked Barnes' probation, and sentenced him to prison. This appeal followed.

## DISCUSSION

■ Barnes contends that he was entitled to withdraw his guilty plea because he did not understand the nature of the charges to which he pleaded guilty. A district court has the discretion to permit withdrawal of a guilty plea before sentencing for a fair and just reason. *McCarty v. State*, 883 P.2d 367, 376 (Wyo.1994); Wyo. R.Crim. P. 32(d). The district court's decision will be upheld unless there was an abuse of discretion. *McCarty*, 883 P.2d at 376. A district court's failure to satisfy the requirements addressed in Wyo. R.Crim. P. 11 regarding acceptance of knowing, voluntary, and intelligent pleas constitutes an abuse of discretion. *Haddock v. State*, 909 P.2d 974, 976 (Wyo.1996).

■ Selectively quoting from the transcript of his plea hearing, Barnes claims that the factual basis he provided does not include an admission of an element of aggravated assault, that he intentionally threatened the officers with the gun he pointed at them. The record shows the following factual basis was established by the district court:

Q. And would you tell the Court, please, what happened on the night in question of these incidents?

A. Well, on July 29th, I had been drinking and taking pain medications throughout the afternoon that day and into the evening. There was a domestic dispute between my wife and myself. I at some point got hit with a candlestick on the head. I called the police, and a lot of parts I don't remember of it, but I do remember the police come and talked to me, and they left. I thought that was the end of the matter. I was going upstairs to put the pistol away. I had it in my hand. The police were at the front door.

Q. Why did you have a pistol in your hand?

A. I was putting it away in the bedroom.

Q. Why did you have it out?

A. I had been shooting the guns that day at Guernsey, and I had all of them out. I was going to clean the guns.

Q. What happened next?

A. The police were at the front door, and when I walked through the living room I saw them at the front door. I told them to come on in. They came in. They told me that they were going to arrest me. I panicked and ran off to another room in the house.

During that time and during the discussion, I was talking with my hands and had the gun in my hand. I evidently pointed the gun at the officers at different times. I evidently said some things that they perceived as threats, and I guess that's how all this came to be.

Q. Did you have an occasion to review with me the officers' reports?

A. Yes, I did.

Q. And also the transcript of the preliminary hearing in this case?

A. Yes, I did.

Q. And from those did you ascertain what the position of the officers was, what they were saying both in court and out of court what their evidence would be against you?

A. Yes, I did.

Q. Do you have any reason at this time to disbelieve what those reports reflect?

A. No, I believe that's exactly how they felt, and I understand why.

Q. You had the pistol in your hand when you ran to the back room.

A. Yes, I did.

Q. And you had it in your hand during the time of the confrontation and talking with the officers.

A. Yes, I did.

Q. And do you understand that that constitutes the offense with which you are charged and for which you have pled guilty?

A. Yes, I do.

Q. Do you feel that you are guilty, Mr. Barnes, at this time of those offenses?

A. Yes, I do.

* * *

Prosecutor: Yes, your Honor, with reference to these two counts, both officers are willing to testify in court that the defendant pointed the pistol at them, told them they were all going to leave in body bags, repeatedly threatened them with the weapon. In their opinion, it was not accidental; it was intentional, and they thought they were threatened.

The Court: Mr. Barnes, do you have any disagreement with that recitation of what the officers would testify to?

A. No.

After examining this record, the district court said the following in its decision letter:

In the face of all this evidence in the record, it is simply impossible to give credence to the Defendant's assertion ... that he had the gun in his hand because he intended to clean it, and that he was misled at the change of plea hearing as to the nature of the charges. The fact that the gun was used in a threatening manner was clearly before the court at the hearing, was part of the factual basis, and was not denied by the Defendant.

... It is the review of this record as a whole that convinces the Court that, when the Defendant entered his guilty pleas at the change of plea hearing, he understood the nature of the charges. *McCarty*, at 373, recognizes Rule 11(b)'s new emphasis on substance over form; the perfunctory repetition of information is not the goal. Rather, the goal is to make sure that the Defendant "is not misled into an unintentional waiver of substantial rights." *McCarty*, at 372. The Defendant was represented throughout both proceedings, as he had been during the preliminary examination in County Court. He was not misled.

WYO. R.CRIM. P. 11(f) states that "the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." In *Sanchez v. State*, 592 P.2d 1130 (Wyo. 1979), we said that a sufficient inquiry included a determination that the defendant understood his conduct, in light of the law, to be criminal. *Sanchez*, 592 P.2d at 1135. The record is clear that the trial court made a sufficient inquiry and was satisfied with the factual basis for the plea. We agree with the district court's resolution of the matter and find no abuse of discretion in denying the motion to withdraw the guilty pleas because Barnes did not understand the nature of the charges.

  Next, Barnes contends that he should be allowed to withdraw his guilty pleas because he views *Dickson v. State,* 903 P.2d 1019, 1025 (Wyo.1995), as prohibiting the district court from allowing him to plead guilty to two counts under the first offender statute, WYO. STAT. § 7–13–301. Barnes is referring to the following passage in *Dickson:*

> We turn then to the first two contentions articulated by Dickson in his brief, whether the district court exceeded its authority in imposing a probationary term in excess of five years and in imposing consecutive sentences of probation. Were the circumstances otherwise, we might find a good deal of difficulty in sustaining the district court. WYO. STAT. § 7–13–301 does not readily adapt to its application in a multi-count case. The legislative intent seems clear to the effect it can only be used once. The intent of the court to apply the statute *seriatim* to the *four* counts of this information is apparent. While Dickson is not in a good situation to complain about the invocation of the provision in this way because he agreed to it and because, had the arrangement worked out, he would have ultimately received substantial benefits, other cases might assume a different posture. We strongly recommend to our trial courts and to the prosecutors that WYO. STAT. § 7–13–301 not be invoked in any instance in which more than one charge is being resolved.

*Dickson,* 903 P.2d at 1025. In *Dickson,* the statute resolved four counts and resulted in consecutive probation of three years on each count. The statute permits no more than five years of probation. WYO. STAT. § 7–13–301(a), (b) (1997). This Court ruled that the trial court could properly sentence Dickson because sentencing was initiated during the first probationary period. *Dickson,* 903 P.2d at 1025. In this case, Barnes does not challenge his sentence, but, instead claims the proper remedy for invoking the statute to his benefit on more than one count is withdrawal of his guilty plea. In his case, however, a probation term of five years was imposed, and the risk that the court would revoke his probation beyond the time allowed by statute is not presented. Under these particular circumstances, no error or prejudice occurred in invoking the statute to Barnes' benefit.

The order of the district court denying the motion to withdraw Barnes' guilty pleas is affirmed.