**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHARLES JOHN McCARTY,

        Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, in his
official capacity, a.k.a. James
Ferguson and the WYOMING
ATTORNEY GENERAL, in his
official capacity,

        Respondents - Appellees.

No. 97-8054
(D.C. 96-CV-295-B)
(District of Wyoming)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

     \*     After examining the briefs and appellate record, this panel has determined unanimously to grant Charles John McCarty's request for a decision on the briefs without oral argument. This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Charles John McCarty seeks to appeal the district court's decision to dismiss his 28 U.S.C. § 2254 petition. For the reasons discussed below, we decline to issue Mr. McCarty a certificate of appealability.[1]

Mr. McCarty pled guilty to one count of aggravated assault and battery in violation of Wyo. Stat. § 6-2-502(a)(ii) and one count of reckless endangerment in violation of Wyo. Stat. § 6-2-504(b). He subsequently appealed to the Wyoming Supreme Court, arguing, among other things, that the state trial court violated Wyo. R. Cr. Pr. 11 when it accepted his aggravated assault and battery guilty plea without first ascertaining the voluntariness of that plea. See McCarty v. Wyoming , 883 P.2d 367, 375 (Wyo. 1994). The Wyoming Supreme Court rejected Mr. McCarty's appeal and affirmed his conviction and sentence. See id. at 376. When Mr. McCarty filed a subsequent motion unrelated to the current appeal, the state district court denied that motion, and the Wyoming Supreme Court affirmed that decision. See McCarty v. Wyoming , 929 P.2d 524 (Wyo. 1996).

Mr. McCarty then filed a 28 U.S.C. § 2254 petition in federal court. In his petition, Mr. McCarty alleged that: (1) the court violated Wyo. R. Cr. P. 11(d) by failing to determine the voluntariness of his aggravated assault and battery plea;

---

[1]We do, however, grant Mr. McCarty's motion to proceed in forma pauperis in this appeal.

2

(2) the court committed numerous errors in connection with the court's entry of that plea; and (3) he received ineffective assistance from both his trial and appellate counsel. See Rec. doc. 1, at 10, 14. The district court dismissed this petition without prejudice, finding that Mr. McCarty had failed to exhaust his state remedies with respect to both sets of claims. See id. doc. 7, at 4-5. When Mr. McCarty filed a notice of appeal, the district court refused to issue him a certificate of appealability. Mr. McCarty now seeks to appeal the dismissal of his habeas petition, advancing the same arguments he made below and also contending that the federal district court erred when it refused to afford him an evidentiary hearing regarding his habeas petition. See Aplt's Brf. at 11-12a.

Although the district court found that Mr. McCarty "did not present to the Wyoming Supreme Court . . . his current claims relating to the entry of his plea," Rec. doc. 7, at 4, our review of the Wyoming Supreme Court's decision in the first appeal indicates that he did, in fact, raise one of his current claims in that proceeding--the claim that the state district court violated Wyo. R. Cr. P. 11(d) by failing to ascertain the voluntariness of his aggravated assault and battery plea. See 883 P.2d at 369, 375. In both state court and in his § 2254 petition, Mr. McCarty framed this claim as a purported violation of Wyoming law. The Supreme Court has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In

3

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  However, because the Supreme Court has held that the Fifth Amendment requires that a guilty "plea represent[] a voluntary and intelligent choice," North Carolina v. Alford, 400 U.S. 25, 31 (1970), Mr. McCarty's claim that the state district court "accept[ed] a plea of guilty without inquiring as to the voluntariness of the plea," Rec. doc. 1, at 10, might implicate the Constitution and, therefore, conceivably give rise to relief under § 2254.

However, even if Mr. McCarty has presented us with one cognizable and exhausted claim, our review of the record and the Wyoming Supreme Court decisions shows that Mr. McCarty did not raise any of his other current claims in state court.  The Supreme Court has held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982).  Accordingly, the district court did not err when it dismissed Mr. McCarty's § 2254 petition without prejudice.  See Capps v. Cowley, 63 F.3d 982, 985-86 (10th Cir. 1995) (upholding district court's dismissal without prejudice of habeas petition containing both exhausted and unexhausted claims).

4

On appeal, Mr. McCarty also contends that the district court erred by dismissing his petition without first granting him an evidentiary hearing. However, 28 U.S.C. § 2254(e)(2) provides that a habeas petitioner is not entitled to an evidentiary hearing unless:

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Mr. McCarty has failed to meet the requirements of subsection (A) or (B). Consequently, the district court was not required to provide him with a hearing before dismissing his petition.

In his appellate brief, Mr. McCarty notes that the district court failed to follow its local rules when it dismissed his petition without first referring it to a magistrate. It is true that Wyo. Dist. Ct. L.R. 72.2(b) provides that "[a]ll habeas corpus petitions shall be automatically referred to the full-time Magistrate Judge located in Cheyenne, Wyoming." However, because it is the district court, not the magistrate, that ultimately possesses the power to grant or dismiss a habeas

5

petition,  see id. 72.2(a), (c), and because we find no error in the district court's decision to dismiss Mr. McCarty's petition, we cannot say that the district court's failure to refer the case to the magistrate prejudiced Mr. McCarty in any way.

Accordingly, we decline to issue a certificate of appealability to Mr. McCarty and dismiss his appeal.  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge