Cashious **BURDINE**, Jr., Appellant
(Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

Cashious **Burdine**, Jr. Appellant
(Defendant),

v.

The **State of Wyoming**, Appellee
(Plaintiff).

Nos. 98–168, 98–169.

Supreme Court of Wyoming.

Feb. 25, 1999.

Sylvia Lee Hackl, State Public Defender, PDP; Donna D. Domonkos, Assistant Public Defender; Monique McBride, Student Intern. Argument by Ms. McBride, Representing Appellant.

Gay V. Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker, Assistant Attorney General. Argument by Ms. Baker, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Cashious Burdine Jr. appeals the district court's denial of his motion to withdraw his guilty plea on two counts of attempted first degree sexual assault. Burdine also claims the district court denied him his right to represent himself. Finding no error, we affirm.

## ISSUES

Burdine presents two issues for review:

I. Whether the district court abused its discretion when it failed to grant Mr. Burdine's motion to withdraw his guilty plea.

II. Whether the district court violated Mr. Burdine's due process rights when it denied Mr. Burdine's right to self-representation at the trial level.

The State phrases the issues as follows:

I. Whether the trial court properly denied appellant's motion to withdraw his guilty plea?

II. Whether appellant made a timely and unequivocal request to proceed pro se?

## FACTS

On September 22, 1997, Burdine was charged with attempted first degree sexual assault.[1] On September 26, 1997, another incident resulted in charges against Burdine for attempted first degree sexual assault and burglary.[2] Arraignment in both dockets was set for October 20, 1997, at which time Burdine was fully advised prior to pleading not guilty. However, before the trial date the parties reached a plea agreement. In exchange for a plea of guilty on two counts of attempted first degree sexual assault and a plea of guilty on a misdemeanor charge of domestic violence, the State agreed to drop the burglary charge and recommend a sentence of not less than 8 years, nor more than ten years, to run concurrently in the Wyoming State Penitentiary.

At his re-arraignment on December 11, 1997, Burdine was again advised of the rights he would waive by pleading guilty, but the court did not repeat the minimum and maximum sentence associated with each offense. Burdine stated he wished to plead guilty, but due to his extreme intoxication during these events, he had no independent recollection of his activities with which to inform the district court. Consequently, the State provided a factual basis, approved by Burdine's counsel on the record, and Burdine then entered his guilty pleas.

On January 27, 1998, Burdine, through counsel, filed a Motion for Withdrawal of Guilty Plea which stated he now wished to assert innocence. On February 10, 1998, Burdine filed a motion to proceed pro se, accompanied by several other motions. At a scheduled sentencing hearing three days later, the district court acknowledged the necessity of conducting a so-called *Faretta* hearing as a consequence of Burdine's expressed desire to proceed pro se and then continued the proceedings so that Burdine's competency to proceed pro se could be considered at a later date.

At his final hearing on March 4, 1998, the district court informed Burdine that it would deny his motion to withdraw his plea, and intended to proceed to sentencing. The district court then asked Burdine if he wished to proceed pro se, to which Burdine responded, "At this point, your honor, I guess it wouldn't make a difference." The court sentenced Burdine to the term mutually agreed upon by the parties prior to the entry of the guilty plea. This timely appeal followed.

## STANDARD OF REVIEW

■ A court accepting a guilty plea has discretion to determine whether the withdrawal of the plea is warranted. *State v. McDermott*, 962 P.2d 136, 138 (Wyo.1998); *Barnes v. State*, 951 P.2d 386, 388 (Wyo. 1998). On appeal, the district court's decision will not be reversed unless the court abused its discretion. *Id.* The ultimate issue is whether or not the district court could reasonably decide as it did. *Id.* In contrast, we review questions involving the constitutionality of the district court's actions as a matter of law. To such claims we apply a *de novo* standard of review. *Pendelton v. State*, 966 P.2d 951, 953 (Wyo.1998); *Medrano v. State*, 914 P.2d 804, 807 (Wyo.1996).

## DISCUSSION

### *Withdrawal of Guilty Plea*

■ Rule 32(d) of the Wyoming Rules of Criminal Procedure governs the withdrawal of a plea. It states in relevant part:

*Plea Withdrawal*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

A defendant has no absolute right to withdraw his plea of guilty prior to sentencing.

1. Wyo. Stat. Ann. §§ 6–1–301(a)(i) and 6–2–302(a)(i) (Michie 1997).

2. Wyo. Stat. Ann. §§ 6–3–301(c)(ii), 6–1–301(a)(i), and 6–2–302(a)(i), (Michie 1997).

*Grady v. State,* 914 P.2d 1230, 1232 (Wyo. 1996); *Kaldwell v. State,* 908 P.2d 987, 990 (Wyo.1995). The discretion afforded to the trial court will not be deemed abused in those cases where "the requirements of W.R.Cr.P. 11 [3] have been met and the record is clear that the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty." *Kaldwell, supra.,* quoting *Triplett v. State,* 802 P.2d 162, 165 (Wyo. 1990).

Burdine concedes that the requirements of Rule 11 were met, but claims that his plea was not knowingly and voluntarily given. The acknowledged standard for a knowing and voluntary plea provides:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation, (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*McDermott,* 962 P.2d 136 at 139, quoting *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970).

Burdine bases his claim that his plea was not knowingly given on the fact that almost two months passed between his initial arraignment and the entry of his guilty pleas. Burdine insists the district court judge should have re-advised him of the minimum and maximum sentences for the crimes to which he was pleading guilty. He further contends his pleas were not voluntary because he was "in fear" at the time he offered them. Contrary to his argument on appeal, the record demonstrates that Burdine was fully aware of the consequences of his actions at the time his guilty pleas were entered.

At the hearing regarding the motion to withdraw, nearly three months after his guilty pleas were entered, the district court heard Burdine's explanation of his reasons for his motion to withdraw. Burdine stated:

> Basically the fact, the reason being that I wanted to take back that plea was because of the simple fact that I felt as though when I was first talked to about the whole situation I felt that I was actually pushed into my situation, being the fact because I have—I am an ex-convict. I mean, you know, I've done my time before. I'm no stranger to the legal system. So, therefore, looking at the fact that I could have been looked upon as a habitual criminal and so on, those things actually to start off with scared me.
>
> I mean, I don't know. I mean, whether you're a criminal or not, I don't think anybody in life would ever want to be labeled a habitual criminal. But unfortunately in my situation, you know, I can't say that my life hasn't brought me to that point.
>
> *But, you know, I mean, Your Honor, you have to look at it from my standpoint. I mean, I'm looking at zero to 50 and zero to 25, and on top of that I can get hit with habitual criminal. I think that would scare most people into doing something stupid.*

(Emphasis added). Burdine was entirely correct as to the minimum and maximum terms he was facing, and we do not disagree that the prospect is more than intimidating. However, the fear of incarceration for the maximum allowable term does not make a plea involuntary.[4] The district court was patently within the bounds of its discretion

---

3. Rule 11(b) provides in pertinent part:

   (b) Advice to Defendant—... [B]efore accepting a plea of guilty or nolo contendere to a felony ... the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, and determine that the defendant understands the following:

   (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction[.]

4. Given that we find Burdine's guilty pleas were knowingly and voluntarily entered, we do not reach the question of whether he presented a "fair and just" reason for withdrawal of the pleas.

when denying Burdine's motion to withdraw his plea.

### Right To Self–Representation

 "The United States Supreme Court has ruled that the Sixth Amendment to the United States Constitution requires that a defendant in state court shall have the right to represent himself." *Williams v. State,* 655 P.2d 273, 274 (Wyo.1982), citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Burdine maintains the district court denied him due process when it failed to hold a *Faretta* hearing to determine his competency to represent himself prior to being brought before the district court for sentencing.

Again, Burdine's statements clearly disavow his claim on appeal. At the hearing, the following colloquy occurred:

> The Court: There's been pending in this matter of Mr. Burdine a motion to withdraw his guilty plea, and I've reviewed the record and concluded that motion ought to be denied. So it's the intent of the Court to proceed with sentencing here today. So, Mr. Burdine, I guess the first thing we need to get straight is whether you wish [your attorney] to represent you for this proceeding.
>
> [Burdine]: At this point in time, your honor, I guess it wouldn't make a difference.

Vol. II, Transcript, Hearing March 4, 1998, p. 2.

 "The Court in *Faretta* recognized that the right to proceed pro se, unlike other constitutional guarantees, has as its primary purpose the defendant's freedom of choice, even though such a choice may operate to his detriment." *Williams,* 655 P.2d at 274. The right to self-representation can be waived by the continuing use of counsel or by the failure of the defendant to articulately and unmistakably demand to proceed pro se. *Id.; People v. Burton,* 184 Ill.2d 1, 234 Ill.Dec. 437, 703 N.E.2d 49, 59, (1998), quoting *United States v. Weisz,* 718 F.2d 413, 426 (D.C.Cir.1983).

 Here, by his own words, Burdine waived his right to proceed pro se. Burdine's assertion that the district court did not

allow him a choice is clearly contrary to the record. Had Burdine stated that he wished to proceed pro se, the anticipated *Faretta* hearing likely would have followed. Instead, Burdine's acquiescence to representation by counsel precludes a finding that his right of self-representation was violated.

### CONCLUSION

The district court did not abuse its discretion in denying Burdine's motion to withdraw his guilty pleas. Neither did the court deny Burdine due process when Burdine clearly waived his right to proceed pro se. Burdine's convictions and sentencing are affirmed in all respects.