2003 WY 142

**Joshua L. McCARD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–255.**

Supreme Court of Wyoming.

Nov. 6, 2003.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, Joshua L. McCard (McCard), appeals from the district court's order denying his motion to withdraw his plea of nolo contendere prior to the imposition of sentence. We will affirm, concluding that the district court did not abuse its discretion in denying that motion.

## ISSUES

[¶ 2] McCard articulates this issue:

Did the district court abuse its discretion when it refused to grant [McCard's] motion to [withdraw] his nolo contendere plea before sentencing?

The State reformulates the issue only slightly:

Whether the district court properly denied [McCard's] pre-sentencing motion to withdraw his pleas.

## FACTS AND PROCEEDINGS

[¶ 3] In an information filed in the district court on June 28, 2001, McCard was charged with two counts of sexual assault in the second degree.[1] McCard, then age 21 years, was alleged to have twice inflicted sexual intrusion on the victim, who was then nine years old. These events occurred on the night of June 18, 2001. The victim reported the incidents to her mother the morning after they occurred. McCard was a live-in boyfriend to the victim's mother. McCard waived his right to a preliminary hearing. He was represented by the public defender throughout the proceedings.

[¶ 4] On July 13, 2001, McCard was arraigned. He pleaded not guilty, and trial was set for September 17, 2001. McCard's trial was continued on several occasions. On April 25, 2002, he appeared in the district court for rearraignment, but that too was continued. McCard appeared again for rearraignment (in essence a change of plea hearing) on May 3, 2002. At those proceedings the district court complied with W.R.Cr.P. 11. In accordance with a plea agreement, McCard entered pleas of nolo contendere (no contest) to two counts of sexual assault in the third degree.[2] W.R.Cr.P. 11(1)(A). An up-

1. Wyo. Stat. Ann. § 6–2–303(a) (LexisNexis 2003) (emphasis added) provides:
§ 6–2–303. **Sexual assault in the second degree.**
(a) **Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:**
(i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;
(ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;
(iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

(iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse;
(v) **At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;**
(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or
(vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.

2. Wyo. Stat. Ann. § 6–2–304 (LexisNexis 2003) (emphasis added) provides:
§ 6–2–304. **Sexual assault in the third degree.**
(a) **An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:**
(i) **The actor is at least four (4) years older than the victim and inflicts sexual intrusion on**

dated presentence report was ordered by the district court, and McCard appeared for sentencing on August 9, 2002. At those proceedings he was represented by a new public defender, and a continuance was requested and granted.

[¶ 5] McCard appeared for a second sentencing hearing on August 23, 2002, and again a continuance was requested and granted. On September 6, 2002, McCard again appeared before the district court for sentencing. Prior to that proceeding, McCard had filed a motion to withdraw his nolo contendere plea under W.R.Cr.P. 32(d). The asserted bases for the motion to withdraw were that McCard contended he was innocent of at least one of the crimes and that the pleas were not voluntary because of heavy-handed threats made by the prosecutor. McCard testified, describing those threats as coercive. He contended that the prosecutor intimidated him with the possibility that many more charges would be filed against him if he did not enter the plea. He also challenged the process because he was given only a few days to make a decision about the plea. Cross-examination of McCard seriously undermined the bases for withdrawal of his plea. Ultimately, the district court denied the motion for withdrawal and imposed the sentences agreed upon in the plea bargain.

## STANDARD OF REVIEW

[¶ 6] A district court's ruling on a motion to withdraw a guilty plea or a plea of nolo contendere is addressed to the sound discretion of the trial court.

A defendant does not enjoy an absolute right to withdraw a plea of guilty prior to the imposition of sentence. *Osborn v. State*, 672 P.2d 777, 788 (Wyo.1983), *cert. denied*, 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984); *Ecker v. State*, 545 P.2d 641, 642 (Wyo.1976). The trial court is vested with discretion to determine

whether to grant a motion to withdraw a plea of guilty made prior to sentencing, and it does not abuse that discretion by denying the withdrawal of the plea so long as the requirements of W.R.Cr.P. 11 were complied with at the time the plea was accepted. *Kaldwell v. State*, 908 P.2d 987, 990 (Wyo.1995). Even when the defendant provides a plausible or just and fair reason for withdrawal of the plea of guilty, the denial of the defendant's motion does not amount to an abuse of discretion if the trial court conducted a careful hearing pursuant to W.R.Cr.P. 11 at which the defendant entered a plea or pleas of guilty that was knowing, voluntary, and intelligent. *Osborn*, 672 P.2d at 778–79.

*Stout v. State*, 2001 WY 114, ¶ 8, 35 P.3d 1198, ¶ 8 (Wyo.2001) (quoting *Nixon v. State*, 4 P.3d 864, 868–69 (Wyo.2000)); *and see Becker v. State*, 2002 WY 126, ¶ 11, 53 P.3d 94, ¶ 11 (Wyo.2002) (for purposes of a review such as this, a plea of nolo contendere is functionally equivalent to a guilty plea).

[¶ 7] This standard of review has been further refined as follows:

A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State*, 974 P.2d 927, 929–30 (Wyo. 1999); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors

---

a victim under the age of sixteen (16) years; or

  (ii) The actor is an adult and subjects a victim under the age of fourteen (14) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim;

  (iii) The actor subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black,* 201 F.3d 1296, 1299–1300 (10th Cir. 2000).

*Frame v. State,* 2001 WY 72, ¶ 7, 29 P.3d 86, ¶ 7 (Wyo.2001).

■ [¶ 8] Furthermore, "[t]he findings of fact that led to denial of a motion to withdraw a guilty plea are subject to the clearly erroneous standard of review, while the decision to deny the motion is reversed only if it constituted an abuse of discretion." 3 Charles Alan Wright, Nancy J. King and Susan R. Klein, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2003).

## DISCUSSION

■ [¶ 9] We agree with McCard that it was his burden to show "any fair and just reason" before the district court was required to permit the withdrawal of his guilty plea. As the embarkation point for this analysis, we are compelled to conclude, from the record extant which we have carefully scrutinized, that McCard entered his plea freely and voluntarily, and without the presence of coercion, threat or other undermining factor. If McCard had been able to demonstrate "any fair and just reason" for withdrawal of the plea, then the burden would shift to the State to demonstrate prejudice to its case. 3 Federal Practice and Procedure, *supra,* at 198–204 (1982).

[¶ 10] McCard intimates that the district court was not fully prepared to address the motion to withdraw, and that is suggestive of an abuse of discretion in and of itself. However, an examination of the record does not reveal any such failing on the part of the district court. The district court noted that

it did not "realize" that the motion was to be considered at the sentencing hearing, but there is no suggestion in the record that the district court was other than fully prepared to address the issue.

■ [¶ 11] McCard next discusses the seven-part test set out above. First, McCard contends that he asserted his innocence. The record does not support that contention. McCard did not assert his innocence. Rather, he asserted that a videotaped statement taken from the victim did not prove the second of the two counts. In response to that assertion, the State countered that there was other evidence, independent of the videotape, which did go to prove the second count. There is a difference between an assertion of innocence and an assertion that the State lacks the requisite evidence to prove the charged crime. With respect to the second prong, McCard made no credible argument that the State would not be prejudiced by grant of the withdrawal. As noted above, it is his initial burden to demonstrate "any fair and just reason" for withdrawal, and only then is the State required to demonstrate the prejudice it may suffer. Third, McCard entered his nolo contendere plea on May 3, 2002. His sentencing was originally scheduled for July 12, 2002, but was continued several times. It was not until August 5, 2002, just three days before the twice continued sentencing hearing was to be conducted, that McCard filed the motion to withdraw his plea. Given these circumstances, we conclude that McCard's motion was not promptly filed. In addition, McCard's crime was committed in June of 2001, and he had acquiesced, or himself sought, the many continuances of the expeditious resolution of his case.

[¶ 12] As to the fourth prong, inconvenience to the court, the record is virtually silent. However, the lengthy history of these proceedings counsels that the district court might, indeed, have been inconvenienced by withdrawal of the plea at such a late date. Fifth, while McCard posits self-serving claims that he did not have close assistance of counsel, the record supports a conclusion that McCard was represented by a series of

very competent public defenders. Sixth, as noted more fully above, the record unquestionably supports that the plea was knowing and voluntary. Seventh, and finally, the record suggests that the withdrawal of the plea would waste judicial resources.

[¶ 13]   We conclude that McCard did not posit before the district court "any fair and just reason" or a "plausible" reason why he should have been permitted to withdraw his nolo contendere plea.  Having failed in that regard, we need not further address the matter of prejudice to the State.

## CONCLUSION

[¶ 14]   The district court's conclusion that McCard did not come forward with "any fair and just reason" for the withdrawal of his plea is not clearly erroneous, nor did the district court abuse its discretion in the processes at issue here.  The judgment and sentence of the district court are affirmed.