2001 WY 72

**Ricky Lynn FRAME, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–188.

Supreme Court of Wyoming.

Aug. 13, 2001.

Sylvia Lee Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel, Representing Appellant.

Gay Woodhouse, Wyoming Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

[¶ 1] Appellant, Ricky Lynn Frame, seeks review of the judgment and sentence entered against him upon his plea of guilty to the crime of larceny as defined by Wyo. Stat. Ann. § 6–3–402(a) and (c)(i) (LexisNexis 2001). Frame's sole contention is that the district court abused its discretion in denying his motion to withdraw his guilty plea, which was filed before sentencing.

[¶ 2] We will affirm.

[¶ 3] The parties articulate the single issue to be resolved in virtually identical terms. The clearest statement of the issue is: Did the district court abuse its discretion in denying Frame's presentence motion to withdraw his guilty plea?

### FACTS

[¶ 4] On July 24, 1999, Frame was caught by police while in the act of stealing money from vending machines at the K–Mart Store in Riverton, Wyoming. He was arrested at the site of the crime. The vehicle he was in was searched at the time of his arrest. That vehicle was then impounded and was more thoroughly searched at a later time pursuant to a search warrant. In the searches, the police recovered over $700 in coins and dollar bills, as well as keys that unlocked the vending machines. Eyewitnesses averred that an accomplice was helping Frame, but that accomplice fled the scene, and, so far as this record shows, the accomplice has never been caught. On July 26, 1999, Frame was charged with one count of larceny and one count of conspiracy to commit larceny. A trial was scheduled for November 2, 1999. On September 17, 1999, Frame's attorneys[1] filed a motion in limine, supported by a brief, as well as a motion to dismiss (or in the alternative to suppress evidence) which was

---

1. Initially, two attorneys represented Frame, but his assertions of ineffective assistance are only directed at one of those attorneys.

also supported by a brief. The purpose of both motions was to seek rulings from the district court to suppress evidence obtained in unconstitutional searches, to prevent witnesses from testifying as to the amounts of money which were typically found in the vending machines, and to prevent the admission of evidence relating to other crimes, wrongs, or acts under W.R.E. 404(b). On September 30, 1999, Frame's attorneys filed a detailed witness and exhibit list as required by the trial scheduling order. On October 1, 1999, Frame's attorney filed proposed jury instructions in preparation for the November 2, 1999, trial date. Before the date set for trial and before any of the pretrial motions were heard, Frame appeared before the district court on October 5, 1999, to change his plea from not guilty to guilty in accordance with a plea bargain. Frame agreed that the terms of the plea bargain were: In exchange for a plea of guilty to larceny, the conspiracy count would be dismissed, the State's recommendation for sentencing was to be for a term not to exceed four to six years, and the district court was not bound by the terms of the agreement. It is also clear from the record that Frame, not his attorneys, made the decision to plead guilty, and that the decision to plead guilty was made voluntarily and intelligently with due regard to the alternative courses of action available to him. One other feature of the bargain was that the prosecution gave a summary of the factual basis for the plea and, thus, Frame made no statements incriminating himself or, consequently, his accomplice. At the conclusion of the presentation of the factual basis, Frame simply agreed that it was correct. The district court accepted the guilty plea and ordered a presentence investigation. The presentence investigation was filed in the district court on January 7, 2000, and it contained a recommendation: "... due to lack of cooperation that the Defendant be sentenced to a lengthy term at the Wyoming State Penitentiary." Frame had initially refused to cooperate in completing the ques-

tionnaire portion of the presentence investigation, but on January 20, 2000, he finally did submit a completed questionnaire.

[¶ 5] Meantime, on January 11, 2000, Frame filed a pro se motion to dismiss his attorneys, as well as one to withdraw his guilty plea. On January 18, 2000, Frame's attorney filed a motion to withdraw as counsel. By order entered on January 26, 2000, the district court granted the attorney's motion to withdraw and appointed a very experienced public defender to assume responsibility for the case. The initial hearing on Frame's motion to withdraw his plea was held on January 31, 2000, but that time was used only to reschedule the hearing to March 6, 2000, as requested by Frame. Substitute counsel stated that was plenty of time to prepare. At that hearing, Frame based his motion to withdraw his guilty plea on problems that he had with his attorney, which are well summarized in this quotation from the hearing transcript:

> He refused to talk with me. He refused to come down and discuss my case, to prepare for motions. I had to constantly call him and argue with him to get him to even file a motion. Like the two motions he did file for me, everytime—what few times he would come down to the jail to talk with me was very brief, and then the subject only concerned a plea bargain. He never wanted to discuss going to trial.

> He never—he gave me the impression that he was not going to represent me at a trial. In fact, basically refused to take me to trial.

[¶ 6] Frame also asserted that his attorney led him to believe that he would be sentenced to probation. However, Frame was also forced to admit on cross examination that he had not called any of his concerns about his attorney's performance to the attention of the district court at the time he entered his guilty plea, even though he was fully aware of all the alleged concerns he had about his attorney at that time.[2] The motion

---

2. Frame's attorney was not subpoenaed or otherwise made available on the date of the hearing, and the district court opted not to continue the hearing to avail itself of the attorney's response to Frame's assertions. Although testimony from that attorney would have gone a long way in defusing this issue, we agree that it is not essential to disposition of the issue under the circumstances presented here.

to withdraw the plea of guilty was denied by order entered on March 16, 2000. A sentencing hearing was held on May 10, 2000, and sentence was entered on June 5, 2000, imposing upon Frame a prison term of three to six years in the Wyoming State Penitentiary with credit for time served in the amount of 138 days.

## DISCUSSION

[¶ 7] A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State,* 974 P.2d 927, 929–30 (Wyo.1999); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black,* 201 F.3d 1296, 1299–1300 (10th Cir.2000).

[¶ 8] Frame does not contend that the district court failed to comply with W.R.Cr.P. 11. In the trial court, he did contend that he was forced to plead guilty by his attorney, and that argument has been restructured here as an effective assistance of counsel issue. Ineffective assistance of counsel may constitute a fair and just reason to grant a motion to withdraw a guilty plea.

*Brock v. State,* 981 P.2d 465, 469–70 (Wyo. 1999); *Dichard v. State,* 844 P.2d 484, 487 (Wyo.1992). At the hearing on the motion, Frame's substitute counsel characterized the issue as one which involved incompetence in the relationship between attorney and client—*i.e.,* a lack of zealous representation of Frame and an unwillingness to attempt to prove that Frame was not guilty—rather than that counsel was inept or unskilled. In *Mehring v. State,* 860 P.2d 1101, 1111 (Wyo. 1993), we suggested that coercion from defense counsel, such as threatening to withdraw if defendant does not accept the plea, or forcing the plea because counsel is not prepared for trial, may create an involuntary plea. However, there is nothing in this record to suggest that Frame was threatened in any way. Even viewing his self-serving allegations made in support of the motion to withdraw in a light most favorable to him, they are insufficient to amount to coercion. Moreover, the record belies Frame's direct allegations: (1) His attorneys filed motions to suppress all of the evidence which would have served as the basis for a conviction, (2) the pretrial filings by the attorneys demonstrate that they were prepared to go to trial, (3) Frame did not pose any of these matters to the district court at the time his plea was entered and he specifically denied that his plea was other than voluntary, and (4) Frame was specifically told that the district court was not bound by the four- to six-year sentencing recommendation (meaning it could have been more severe than that); thus, Frame's decision could not have been rendered involuntary by a belief that he would get probation (in fact, he received only a three- to six-year sentence). Moreover, the circumstances of this case suggest that Frame's attorney acted prudently. Frame was caught in the act of taking money from the vending machines. It was unlikely that the evidence against him was going to be suppressed. Frame had an extensive criminal history, and some of that history may have been admissible as W.R.E. 404(b) evidence to prove the instant crime. Much of his criminal history would have been admissible had Frame chosen to testify in an attempt to exonerate himself. Finally, we note that Frame's testimony lacked credibility. All

of his allegations were self-serving and, perhaps, served the best interests of his accomplice, as well. Frame has not cited pertinent authority that is directly in point with his argument that his attorney's performance was ineffective or inadequate. Our own survey of pertinent authority reveals a great reservoir of case law that rebuts such an argument. *See generally,* Gregory G. Sarno, Annotation, *Adequacy of Defense Counsel's Representation of Criminal Client Regarding Guilty Pleas,* 10 A.L.R.4th 8, esp. §§ 22–31 (1981 and Supp.2000).

## CONCLUSION

[¶ 9] We hold that the district court did not abuse its discretion in denying the motion to withdraw the guilty plea. The judgment and sentence of the district court are affirmed.