2008 WY 147

Craig Alan DEMEULENAERE,
Appellant (Defendant),

v.

The STATE of Wyoming, Appellee
(Respondent).

No. S–08–0039.

Supreme Court of Wyoming.

Dec. 15, 2008.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶1] After entering a plea of guilty, Craig Demeulenaere sought to withdraw that plea before his sentence was imposed. The district court denied his request, and on appeal, Demeulenaere contends that the court abused its discretion. We affirm.

## ISSUE

[¶2] Demeulenaere presents one issue for our consideration:

1. The District Court abused its discretion by refusing to grant Mr. Demeulenaere's Motion to Withdraw Guilty Plea before sentencing.

## FACTS

[¶3] In early February of 2004, Sublette County Sheriff Deputy Toby Terrell noticed the rear brake light of Demeulenaere's vehicle malfunctioning. Deputy Terrell pulled over Demeulenaere, who told the deputy that he had just replaced the fuse, as he had been noticing problems with the brake light. The deputy learned that Demeulenaere's driver's license was suspended, and accordingly took Demeulenaere into custody and conducted a search incident to arrest of Demeulenaere's person. The search revealed $2,216.00 in cash. A subsequent inventory search of Demeulenaere's vehicle revealed 46.7 grams of methamphetamine, a small scale, four individually wrapped bindles of powder, two pipes with residue, and a bag containing 7.0 grams of marijuana.

[¶4] Demeulenaere was charged with three counts: Count I, unlawful possession of methamphetamine with the intent to deliver in violation of Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2007); Count II, unlawful possession of methamphetamine in violation of Wyo. Stat. Ann. § 35–7–1031(c)(ii) (LexisNexis 2007); and Count III, unlawful possession of marijuana, a misdemeanor, in violation of Wyo. Stat. Ann. § 35–7–1031(c)(i)(A) (LexisNexis 2007).[1]

[¶5] After waiving his right to a speedy preliminary hearing, Demeulenaere filed a motion to vacate the scheduled preliminary hearing date, rescheduling it for March 10, 2004. On that date, Demeulenaere's case was bound over to the district court, where he pled not guilty to all three counts at his arraignment on June 4, 2004. On September 15, 2004, Demeulenaere filed a motion to suppress the evidence obtained from the search of his vehicle, arguing that the traffic stop and search were without probable cause and in violation of his constitutional rights. The hearing on this motion was set for October 6, but because the parties were "very close" to finalizing a plea agreement, the State moved, without objection, to continue the hearing until October 22.

[¶6] On October 8, 2004, the parties filed a stipulated notice of their plea agreement, which outlined for the district court that the State would dismiss Count I in exchange for guilty pleas to Counts II and III. The parties also agreed that any term of incarceration would be suspended. A change of plea and sentencing hearing was scheduled for October 22, but the district court *sua sponte* postponed the change of plea until November 4, 2004, clarifying in its order that the sentencing would be scheduled after the Presentence Investigation Report was completed.

[¶7] The November 4 change of plea hearing was held as scheduled, and, as agreed by both parties, Demeulenaere pled guilty to both Counts II and III, and the court dismissed Count I. In mid-December, however, Demeulenaere filed a Notice of Intent to File Motion to Withdraw Plea and Objection to Motion for Sentencing Hearing, arguing that his case should be dismissed because the video of Demeulenaere's traffic stop had either been misplaced or destroyed, and thus, his due process rights were violated. Having received new counsel only two weeks before these filings, Demeulenaere also alleged that his previous counsel was ineffective for failure to previously raise that issue.

[¶8] On December 23, 2004, Demeulenaere's sentencing was set for March 2, 2005,

---

1. The original information was filed on February 6, 2004. An amended information filed on March 1, 2005, changed the amount of methamphetamine in Count II from ounces to grams, and changed Count III from a felony to a misdemeanor.

and on December 27, he filed his motion to withdraw his guilty plea. The motion stated that Demeulenaere was informed that the tape had been misplaced, and that Demeulenaere only pled guilty on the advice of counsel, as he was unable to develop any claim of a "pretextual arrest" due to the missing tape. Demeulenaere noted that shortly after he had filed his notice of intent to file a motion to withdraw his plea, he was informed the tape had been located. Upon review of the tape, Demeulenaere's counsel concluded that there was, in fact, evidence of a "pretextual arrest" and possibly a "pretextual search." The plea withdrawal motion claimed that Demeulenaere's plea was not knowing, intelligent, and voluntary because he had only pleaded guilty due to his belief that the tape had been misplaced—which, he claimed, was a "fair and just reason" for withdrawing his guilty plea.[2]

[¶ 9] In 2005, several delays occurred at the hand of Demeulenaere. Originally, the hearing on his motion to withdraw his guilty plea was set for February 10, 2005, but was rescheduled at his request for May 6, 2005. On April 12, another motion to reschedule was filed because Demeulenaere's counsel was required to appear in another case. The hearing was rescheduled for August 5, 2005. On July 15, however, yet another motion to reschedule was filed, this time because Demeulenaere was in federal custody after having been indicted in the United States District Court for the District of Wyoming. Of course, the district court had no choice but to continue the proceedings until further notice that the case could proceed.

[¶ 10] Nothing happened in the State case until March 23, 2006, when the State requested a hearing on Demeulenaere's motion to withdraw his plea. A hearing was set for August 3, 2006, but Demeulenaere filed a motion to stay all proceedings because he was in federal custody. The State, in response, filed a traverse to this motion, and the district court scheduled a telephone conference to discuss the matter of scheduling.

There is no indication in the record that this phone conference was ever held.

[¶ 11] After not appearing for the August 3rd hearing, defense counsel was contacted via telephone, and represented to the court and the State that the motion to withdraw the guilty plea could be decided on the memoranda of the parties and the record from the change of plea hearing. Accordingly, on December 4, 2006, the court denied Demeulenaere's motion to withdraw his guilty plea. Then, the court scheduled his sentencing for January 5, 2007, and ordered that a presentence investigation and a substance abuse evaluation be completed.

[¶ 12] Incredibly, Demeulenaere's sentencing date had to be delayed as well. First, Demeulenaere filed a Notice of Inability to Comply with Court Orders due to his incarceration in a federal penitentiary. The State was amenable to postponing the sentencing due to complications with the completion of the presentence investigation and substance abuse evaluation. Accordingly, the sentencing was set for April 4, 2007. After failing to appear by telephone at that hearing, Demeulenaere's counsel informed the court that Demeulenaere refused to appear by telephone and would not voluntarily cooperate in procedures to procure his presence in court. Thus, on June 18, 2007, the State filed a Petition for Writ of Habeas Corpus Ad Prosequendum, requesting that the Warden of the Lompoc Federal Correction Institute in Lompoc, California, release Demeulenaere to the custody of the Sublette County Sherriff's Department for purposes of sentencing. Eventually, Demeulenaere was sentenced on August 9, 2007, and this appeal followed.

## STANDARD OF REVIEW

[¶ 13] In *Hirsch v. State*, 2006 WY 66, 135 P.3d 586 (Wyo.2006), we explained that the standard of review appropriate for a district court's ruling on a motion to withdraw a guilty plea or a plea of nolo contendere, before sentencing, is addressed to the sound discretion of the trial court.

---

2. The State filed a response to this motion, arguing that there was no "fair and just reason" for Demeulenaere to withdraw his plea, and that the

record was clear that he entered the pleas intelligently, knowingly, and voluntarily.

A defendant does not enjoy an absolute right to withdraw a plea of guilty prior to the imposition of sentence. *Osborn v. State*, 672 P.2d 777, 788 (Wyo. 1983), *cert. denied*, 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984); *Ecker v. State*, 545 P.2d 641, 642 (Wyo.1976). The trial court is vested with discretion to determine whether to grant a motion to withdraw a plea of guilty made prior to sentencing, and it does not abuse that discretion by denying the withdrawal of the plea so long as the requirements of W.R.Cr.P. 11 were complied with at the time the plea was accepted. *Kaldwell v. State*, 908 P.2d 987, 990 (Wyo.1995). Even when the defendant provides a plausible or just and fair reason for withdrawal of the plea of guilty, the denial of the defendant's motion does not amount to an abuse of discretion if the trial court conducted a careful hearing pursuant to W.R.Cr.P. 11 at which the defendant entered a plea or pleas of guilty that was knowing, voluntary, and intelligent. *Osborn*, 672 P.2d at 778–79.

*Stout v. State*, 2001 WY 114, ¶ 8, 35 P.3d 1198, ¶ 8 (Wyo.2001) (quoting *Nixon v. State*, 4 P.3d 864, 868–69 (Wyo.2000)); and see *Becker v. State*, 2002 WY 126, ¶ 11, 53 P.3d 94, ¶ 11 (Wyo.2002)(for purposes of a review such as this, a plea of nolo contendere is functionally equivalent to a guilty plea).

This standard of review has been further refined as follows:

A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State*, 974 P.2d 927, 929–30 (Wyo.1999); 3

Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black*, 201 F.3d 1296, 1299–1300 (10th Cir.2000).

*Frame v. State*, 2001 WY 72, ¶ 7, 29 P.3d 86, ¶ 7 (Wyo.2001).

Furthermore, "[t]he findings of fact that led to denial of a motion to withdraw a guilty plea are subject to the clearly erroneous standard of review, while the decision to deny the motion is reversed only if it constituted an abuse of discretion." 3 Charles Alan Wright, Nancy J. King and Susan R. Klein, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2003).

*McCard v. State*, 2003 WY 142, ¶¶ 6–8, 78 P.3d 1040, 1042–43 (Wyo.2003).

*Hirsch*, ¶ 14, 135 P.3d at 593.

## DISCUSSION

■ [¶ 14] In his only issue, Demeulenaere contends that the district court abused its discretion in denying his presentencing motion to withdraw guilty pleas. Demeulenaere analyzes his case using the seven-factor test originally set out in *Frame v. State*, 2001 WY 72, 29 P.3d 86 (Wyo.2001).

■ [¶ 15] In *Frame*, we stated:

A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court

may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State*, 974 P.2d 927, 929–30 (Wyo. 1999); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black*, 201 F.3d 1296, 1299–1300 (10th Cir. 2000).

*Frame*, ¶ 7, 29 P.3d at 89.

[¶ 16] Demeulenaere's argument on appeal focuses solely on comparing the facts in his case to the *Frame* factors. First, he claims that he maintained his innocence "up until the last moment." He notes that, at the change of plea hearing, he asserted that he did not have a faulty brake light warranting a stop. The State suggests instead that Demeulenaere's claim regarding his brake light is not a claim of innocence with respect to the drug charges—it is simply a claim that his brake light was working. The record clearly shows that Demeulenaere provided an adequate factual basis for the crimes to which he pled guilty, and although he did allege that he did not have a faulty brake light, there was absolutely no claim or hint that he was innocent of possessing either methamphetamine or marijuana.

[¶ 17] Second, Demeulenaere contends that the State would suffer no prejudice if he were allowed to withdraw his pleas, because he filed his motion to withdraw shortly after entering his pleas. In response to that assertion, the State contends that it would suffer prejudice, because the crime occurred over four years ago. In accordance with supportive Wyoming case law, we are in agreement with the State. See *Van Haele v. State*, 2004 WY 59, ¶ 33, 90 P.3d 708, 717 (Wyo.2004) ("the government would likely suffer prejudice from a plea of withdrawal because the crime involved occurred almost a year and a half earlier"); *Doles v. State*, 2002 WY 146, ¶ 12, 55 P.3d 29, 33 (Wyo.2002) ("the government would likely suffer prejudice from a plea withdrawal because the crime involved an informant and occurred three years earlier").

[¶ 18] As to the third factor, Demeulenaere submits that he filed his motion in a timely fashion, but the State observes that at the change of plea hearing, the district court gave Demeulenaere two chances to withdraw his pleas, and that Demeulenaere himself was the cause of much of the delay in the present case. Indeed, at the change of plea hearing, Demeulenaere maintained that he did not want to withdraw his guilty plea and that he had spoken with his attorney regarding this issue. Demeulenaere then waited 53 days after he pled guilty to file his motion to withdraw, and he did so only after new counsel suggested the charges against him could possibly be dismissed due to the missing videotape. His motion was then delayed for approximately a year and a half.

[¶ 19] The fourth factor asks whether withdrawal would substantially inconvenience the district court. Demeulenaere contends that plea withdrawal would not substantially inconvenience the district court, and further notes that the district court had not accepted the plea agreement at the date of his motion to withdraw. Citing *Fertig v. State*, 2006 WY 148, 146 P.3d 492 (Wyo.2006), the State asserts that the inconvenience to the district court would be "substantial," and that Demeulenaere's claim of "pretext" would not have resulted in suppression of the evidence. The State remarks that the arresting deputy testified, at the preliminary hearing, that he had no previous knowledge that Demeule-

naere might be carrying drugs. We are in agreement with the State.

[¶ 20] Regarding the fifth factor, Demeulenaere contends that the assistance of counsel was not as close as it should have been because his first attorney did not obtain the videotape of the traffic stop. The State disagrees and maintains that Demeulenaere received close assistance of counsel, noting that Demeulenaere was advised, at a time when the video of the traffic stop was known to be missing, that if he pled guilty, he would waive his right to challenge the traffic stop. Also, the State notes that Demeulenaere does not claim that counsel was ineffective. The record is replete with instances of Demeulenaere's interaction with counsel. Accordingly, the fifth factor does not weigh in his favor.

[¶ 21] Sixth, Demeulenaere contends that, although the district court took pains to properly advise Demeulenaere of his rights, his pleas were not knowing and voluntary because of the missing videotape. The State counters with the fact that Demeulenaere was properly advised under W.R.Cr.P. 11, and as a result, his plea was voluntary. Both parties agree the record is clear that Demeulenaere's plea was accepted after a very thorough colloquy, which from our review, establishes its knowing and voluntary character.

[¶ 22] Finally, Demeulenaere argues that withdrawal of the plea would not be a waste of judicial resources and submits that there would have been little wasted effort if the district court had granted the motion at the time it was originally offered. The State offers in response that a plea withdrawal would be a waste of judicial resources, mainly because Demeulenaere's claim of "pretext" has little to no merit. Again, we are in agreement with the State, and after looking at this record, can easily conclude that after the lengthy delays in this case, and taking into consideration the fact that Demeulenaere made no showing below that the traffic stop was "pretextual," the district court could have rationally concluded as it did.[3]

[¶ 23] After a thorough review of the record, we are confident that the district court properly denied Demeulenaere's motion to withdraw his plea. Ordinarily, the court should allow withdrawal of a defendant's plea before sentencing if a defendant presents a fair and just reason to do so. However, the district court considered Demeulenaere's reasons under *Frame*, for it explicitly stated in its order denying his motion that it had reviewed, among other pleadings, the State's opposition which outlined those factors from *Frame*. From the record, we can conclude that the district court could have rationally concluded as it did—that Demeulenaere did not present any "fair and just reason" to withdraw his guilty plea. He failed to meet his burden, and denying his motion was a sound exercise of the court's discretion, particularly given that the court had earlier conducted a thorough and careful hearing pursuant to W.R.Cr.P. 11, where Demeulenaere entered knowing, voluntary, and intelligent pleas of guilty.

## CONCLUSION

[¶ 24] Denying Demeulenaere's presentence Motion to Withdraw his Guilty Plea was within the district court's sound discretion. We affirm.

---

**3.** It should be noted that a pretextual traffic stop is not unlawful, meaning that Demeulenaere did not present a valid defense. See *Fertig v. State*, 2006 WY 148, ¶ 27, 146 P.3d 492, 501 (2006).