2012 WY 2

**Steven R. KRUGER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0133.

Supreme Court of Wyoming.

Jan. 5, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel, Wyoming Public Defender Program.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Steven R. Kruger was charged with: (1) felony child abuse in violation of Wyo. Stat. Ann. § 6–2–503(a) (LexisNexis 2011); and (2) a misdemeanor count of endangering children in violation of Wyo. Stat. Ann. § 6–4–403(b)(iv) (LexisNexis 2011). After a mental evaluation found him competent, Kruger entered a plea of guilty to felony child abuse. Although Kruger entered a guilty plea to the misdemeanor charge at the same time, it was later dismissed pursuant to a plea agreement. Also, a criminal citation relating to being under the influence of a controlled substance involving the same series of events was dismissed as part of the plea agreement. At the scheduled sentencing Kruger sought to withdraw the guilty plea. The district court denied the motion. We affirm the district court's denial of Kruger's motion to withdraw his guilty plea to felony child abuse.

## ISSUES

[¶ 2] Kruger raises one issue:

Did the trial court abuse its discretion by denying [Kruger's] motion to withdraw his guilty plea?

The State raises two issues:

Did the district court arbitrarily apply the "assertion of innocence" factor of the seven-factor *Frame* test, in deciding that Kruger could not withdraw his guilty plea, and was that decision otherwise reasonable?

Did the district court, by its actions and oral pronouncements, accept Kruger's guilty plea and defer only its acceptance of the plea agreement, so that Kruger was entitled to withdraw his plea only upon a showing of just cause?

## STANDARD OF REVIEW

[¶ 3] In *Winsted v. State*, 2010 WY 139, ¶ 6, 241 P.3d 497, 499 (Wyo.2010) (citing *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998)), this Court stated that the standard of review for the denial of a motion to withdraw a guilty plea is abuse of discretion. In applying this standard we focus on the "reasonableness of the choice made by the trial court." If the decision below is based upon sound judgment under the circumstances and the trial court could reasonably conclude as it did, we will not disturb the decision absent a showing that some facet of the ruling is arbitrary or capricious. *Rolle v. State*, 2010 WY 100, ¶ 9, 236 P.3d 259, 264 (Wyo.2010).

## FACTS

[¶ 4] An affidavit of probable cause is attached as Exhibit A to the Information and incorporated therein by reference and details the events that form the factual basis for the guilty plea:

I have been advised that on July 21, 2010 Wendy Kruger reported that her thirteen (13) year old daughter and two friends had gone missing while left in STEVEN R. KRUGER'S care. Officer Pitchford and Officer King of the Sheridan Police Department travelled to 19 North Sheridan Avenue, in Sheridan County, to make contact with KRUGER. When officers arrived on scene they heard loud music coming from inside the residence and tried to make contact with KRUGER. Officers could see KRUGER sitting cross legged on the living room floor moving violently to the heavy metal music. The officers made several attempts to speak with KRUGER, but KRUGER avoided the officers by locking the door and yelling for them to get off the property. KRUGER then strung up blankets over the windows so the officers could not see inside. Through a back window officers were able to notice that the residence had been totally ransacked. KRUGER eventually opened a window to speak with the officers and told them he had chased Wendy's daughter and her two friends out of the house and down the street.

Wendy arrived on [the] scene a short time later and told officer[s] that her daughter, BM, and two friends, CF and TM, were left in KRUGER'S care while Wendy sought medical attention for her aching back. Wendy Kruger advised that the residence was tidy and in order when she left, but upon returning the residence was in complete disarray and the children were missing. Wendy then advised that she received a telephone call shortly after contacting law enforcement informing her that the children were in the lobby of the Best Western Motel.

Officer Pitchford travelled to the Best Western Motel to spoke [sic] individually with BM, CF and TM. BM advised that KRUGER was drinking wine in the residence and offered it to the three of them. BM advised that they all took a small sip but when KRUGER offered them more, they declined. KRUGER started yelling and calling the children profane names because they refused to drink more wine. KRUGER forcefully pressured BM, CF and TM until they agreed to drink more of the wine. KRUGER then said he was going to leave the residence to get some "weed." He returned approximately twenty (20) minutes later and started smoking the Marijuana. KRUGER offered the Marijuana to BM, CF and TM, but they all declined. Their declination angered KRUGER so he again started to call them names, yell, and pressure them until they gave in to smoking the Marijuana with him. BM estimates they took three (3) to four (4) puffs of the Marijuana cigarette. KRUGER then finished drinking a second bottle of wine and started to drink mouthwash. KRUGER offered the mouthwash to CF, but CF refused to drink it. KRUGER became enraged, and struck CF on the left side of his head. KRUGER then pushed CF into the wall and grabbed TM by the throat and held TM against the couch. TM managed to get loose and run out of the house with BM. KRUGER chased after them, but they were able to escape and run down North Sheridan Avenue to Brundage Street.

Officer Pitchford spoke with TM and CF individually who confirmed BM's story.

Officer Pitchford felt CF's head and found a two inch diameter bump above CF's ear consistent with having been struck by KRUGER.

### Course of the Proceedings

[¶ 5] A criminal warrant was issued on July 22, 2010. A public defender was assigned. The initial appearance was set for July 22, 2010, at 2:00 p.m.

[¶ 6] A motion to suspend proceedings and for a mental evaluation was filed on August 17, 2010. An order for evaluation was entered on August 24, 2010. A request for an extension of time to do the evaluation was extended to October 12, 2010. Kruger was found competent to proceed.

[¶ 7] At the arraignment, held on October 21, 2010, the district court advised Kruger of the charges and of his rights. The court placed Kruger under oath and determined that Kruger was alert and competent to proceed. The court then read the charges and determined that Kruger had reviewed the charges with his attorney. The court then determined that Kruger had seen and reviewed the affidavit of probable cause with his attorney. The court asked if Kruger wanted to go through the affidavit in detail, at which time Kruger indicated that it was not necessary. The court then informed Kruger of his rights, including the right to an attorney, the right to remain silent, the right to a speedy trial, the right to a public trial, the right to cross-examine witnesses, the right to submit evidence, the right to subpoena witnesses, and the right to appeal.

[¶ 8] At no time during the proceeding did Kruger or his attorney raise any concern regarding a lack of understanding on the part of Kruger. At the appropriate time in the proceeding, Kruger was advised by the court of the four possible pleas available to him: (1) not guilty; (2) guilty; (3) no contest; or (4) not guilty by reason of mental impairment or deficiency.

[¶ 9] The court then asked Kruger, "Please stand. As to the charge of felony child abuse, how do you plead?" Kruger answered, "Guilty, Your Honor." The court then asked, "As to the charge of misdemean-

or endangering children, how do you plead?" Kruger answered, "Guilty, Your Honor." Immediately, the prosecutor explained to the court "that in exchange for his guilty plea to the felony, the State would agree to dismiss the misdemeanor."

[¶ 10] After explaining the rights Kruger was waiving by pleading guilty and that sentencing would be in the discretion of the court, the court then asked, "Is this guilty plea being entered as part of a plea agreement?" Kruger answered, "Yes, it is, Your Honor." The prosecutor was asked to recite the terms of the plea agreement. She explained that in exchange for the dismissal of the misdemeanor in the district court and the dismissal of the citation in the circuit court that Kruger agreed to enter a guilty plea on the felony child abuse. She also explained that the plea agreement did not include a term of years.

[¶ 11] The court then asked defense counsel if the terms of the plea agreement were accurate, to which defense counsel responded:

Your Honor, there was one other side matter, and that's the matter of laying a factual basis, that may be difficult for Mr. Kruger to do, and so whether this is treated as an *Alford* plea, a no contest or whatever, we would ask that unless it is absolutely necessary, that Mr. Kruger not be called upon to lay the factual basis for this plea.

The court responded:

All right. You understand that this Court is not bound by any plea agreement, and although this is not the type of one that the court would reject, it's within the discretion of the prosecutor to dismiss the case. Ordinarily if the court rejects it I would not allow you to withdraw your plea; do you understand that?

Kruger's response was, "Yes, I do Your Honor."

[¶ 12] The court then asked the prosecutor to set forth the factual basis to support this guilty plea. The factual foundation given generally followed the affidavit of probable cause. The court had already determined on the record that Kruger had seen the affidavit and reviewed it with his attorney. Furthermore, when the court offered to go over the affidavit in detail with Kruger, Kruger declined the court's invitation. Kruger was then asked by the court if he disputed any of the allegations the State set forth in the factual basis set forth by the prosecutor and Kruger answered, "No. Your Honor."

[¶ 13] The court then stated:

All right. **The Court finds there are sufficient facts and basis for this Court to accept the guilty plea;** that he has benefitted from competent legal counsel; he is competent to enter such a plea; he understands the charge, penalties, plea options, and rights waived, that it has been entered freely and voluntarily. **The Court hereby enters the guilty plea for Count I.** The Court further orders a pre-sentence investigation to be completed. (Emphasis added.)

Sentencing was then scheduled for December 7th at 9:00 a.m.

[¶ 14] An "Order After Arraignment" was filed November 3, 2010. Part VIII of the order states, "That [Kruger] pled guilty to Count I, Felony Child Abuse, a violation of W.S. § 6–2–503(a) as alleged in the Information, **and that such plea of guilty is voluntarily, intelligently and knowingly entered[.]"** (Emphasis added.) Part IX of the order provides: **"That a factual basis exists in support of [Kruger's] plea of guilty to the Court, and the Court should defer acceptance of the plea pending receipt of the pre-sentence report."** (Emphasis added.)

[¶ 15] On December 7, 2010, Kruger informed the court that he wished to withdraw his plea of guilty. The court then deferred further proceedings and appointed substitute counsel to file a motion to withdraw the plea. The entry of appearance for a substitute public defender was filed on December 10, 2010.

[¶ 16] A motion to withdraw the guilty plea was filed on December 20, 2010. In the written motion Kruger stated the facts relating to the guilty plea and admitted "[t]he **Court then formally accepted Mr. Kruger's guilty plea,** ordered a pre-sentence investi-

gation, and set Sentencing for December 7th at 9:00 a.m." (Emphasis added.) Defense counsel continued:

In the present matter, Mr. Kruger does not challenge the sufficiency of the Court's Rule 11 allocation [sic]. Rather, Mr. Kruger submits that the hasty manner in which he entered his guilty plea, coupled with new potentially exculpatory information that has come to his light since he entered his guilty plea, establishes a fair and just reason for withdrawing his plea before sentence is imposed.

[¶ 17] With regard to the "potentially exculpatory information," Exhibit C attached to the motion is a letter from Kruger's father that noted, inter alia, that: "I talked to Steve's wife who is the mother of one of the alleged victims and she told me that the kids lied about what happened, she is going to be at the sentencing hearing and will tell the court the same thing." The presentence report, which was Exhibit D, was also attached to the motion which contained hearsay that one of the victims had recanted.

[¶ 18] A written objection to Kruger's motion was filed on January 4, 2011, by the prosecutor. A hearing on the motion was set for January 13, 2011. The State filed a motion to continue the hearing in order to give the State the opportunity to subpoena the defense counsel that represented Kruger at the arraignment. The court granted the motion.

[¶ 19] At the hearing on the motion, held February 8, 2011, there were no witnesses nor testimony represented by either Kruger or the State. Kruger did present argument to the court. An order denying the motion to withdraw the guilty plea was filed February 11, 2011.

[¶ 20] On March 29, 2011, the State dismissed Count II of the Information, Endangering Children, as well as the Citation No. 037909E, Under the Influence of a Controlled Substance, both without prejudice. Kruger was sentenced to not less than three years and not more than five years with credit of 246 days for presentence confinement. The timely "Notice of Appeal" was filed on May 10, 2011.

## DISCUSSION

[¶ 21] Kruger acknowledges that the court "formally accepted Mr. Kruger's guilty plea[.]" The record is clear that the court accepted Kruger's guilty plea to felony child abuse. It is equally clear that although Kruger's entry of a guilty plea on the misdemeanor may have been unnecessary pursuant to the plea agreement, nevertheless, Kruger entered a plea of guilty on the misdemeanor in Count II. Kruger when asked to plead to the misdemeanor, quickly answered, "Guilty, Your Honor." The prosecutor then advised the court of the plea agreement.

[¶ 22] The record shows that the trial court was not aware of the plea agreement until after Kruger's plea of guilty to both the felony and the misdemeanor. Although the court did not accept the guilty plea on the misdemeanor, the record clearly shows that the court did, in fact, accept the guilty plea on only the felony charge. Until the State thereafter dismissed the misdemeanor, Kruger had admitted in open court and under oath that he was guilty of the misdemeanor, as well as the felony. Generally, "[a] plea of guilty is an admission or a confession of guilt, and as conclusive as a verdict of a jury." 21 Am.Jur.2d Criminal Law § 668 (2008).

[¶ 23] We hold that the trial court's statement that "[t]he Court hereby enters the guilty plea for Count I" effectively accepted the guilty plea as to Count I. The totality of the circumstances of the guilty plea clearly shows that the court accepted the guilty plea as to Count I, Felony Child Abuse.

[¶ 24] Nevertheless the district court's subsequent order after arraignment provides that "the Court should defer acceptance of the plea." We conclude that the trial court was referring to the "plea agreement" as the court had already accepted the plea on the felony child abuse charge. The court properly deferred the acceptance of the plea agreement until after the dismissal of the misdemeanor in accordance with the terms of the plea agreement. The court in the hearing explained to Kruger:

All right. You understand that this court is not bound by any plea agreement, and

although this is not the type of one that the Court would reject, it's within the discretion of the prosecutor to dismiss this case. Ordinarily if the Court rejects it I would not allow you to withdraw your plea; do you understand that?

Kruger responded, "Yes, I do, Your Honor." The court then asked Kruger, "I remind you that you're under oath and subject to prosecution for perjury if you do not tell the truth. Are you entering this plea freely and voluntarily?" Kruger answered, "Yes, I am, Your Honor."

[¶ 25] Under Rule 32(d) of the Wyoming Rules of Criminal Procedure if the motion to withdraw a guilty plea is made before sentencing, the standard is "any fair and just reason." We review a district court's decision on such a motion on an abuse of discretion basis. A defendant has no absolute right to withdraw a plea of guilty before a sentence is imposed, and where the strictures of W.R.Cr.P. 11 are met, and Kruger intelligently, knowingly, and voluntarily entered a plea of guilty, the district court's decision denying such a motion is within its sound discretion. *Burdine v. State*, 974 P.2d 927, 929–30 (Wyo.1999).

[¶ 26] On review we must determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Ingersoll v. State*, 2004 WY 102, ¶ 12, 96 P.3d 1046, 1050 (Wyo.2004). We have also stated that the district court does not abuse its discretion by denying a motion made prior to sentencing to withdraw a guilty plea if the requirements of W.R.Cr.P. 11 are complied with at the time the plea is accepted. In addition, we will not disturb the district court's decision so long as it could have reasonably concluded as it did. *Doles v. State*, 2002 WY 146, ¶ 8, 55 P.3d 29, 32 (Wyo.2002) (quoting from *Stout v. State*, 2001 WY 114, ¶ 15, 35 P.3d 1198, 1205 (Wyo.2001)).

[¶ 27] In this case, Kruger admits that the trial court met the requirements of Rule 11. Several times during the hearing on the motion to withdraw, defense counsel admitted that the Rule 11 requirements were met by the court. Defense counsel stated, "[t]he defendant is not challenging the Court's Rule

11 allocution.... It's the allocution the Court uses all the time, and I don't have a problem with that allocution. I think the allocution is fine." Defense counsel also noted, "Your Honor, I don't think your Rule 11 allocution is insufficient." It is clear that Kruger conceded that the Rule 11 requirements were met by the district court at the arraignment.

[¶ 28] Defense counsel repeated, "And I think that even with the Court's Rule 11, standard Rule 11 allocution, it can be said with confidence that Mr. Kruger accepted the plea agreement and entered his plea knowingly and voluntarily." Kruger's apparent admission that the plea was entered knowingly and voluntarily is inconsistent with the written motion, which stated:

Under such hasty conditions, and even in light of the Court's Rule 11 allocation (sic), it cannot fairly be said with confidence that Mr. Kruger accepted the plea agreement and entered his guilty plea knowingly and voluntarily, and as such, the Court should allow him to withdraw his plea.

[¶ 29] In *Stout*, ¶ 15, 35 P.3d at 1204 we gave the defendant the "benefit of the doubt" with regard to a letter he wrote expressly stating that it was not his intent to withdraw his plea, and the court addressed the letter as if it had been a motion to withdraw his guilty plea despite his explicit statement before the court that he had no intention of making such a motion. We will give Kruger the same "benefit of the doubt," and proceed with our review.

[¶ 30] The standard of review for determining the voluntariness of a guilty plea is *de novo*. *Van Haele v. State*, 2004 WY 59, ¶ 12, 90 P.3d 708, 711 (Wyo.2004). We look to the totality of the circumstances to determine the voluntariness of a plea. *Mehring v. State*, 860 P.2d 1101, 1108 (Wyo.1993). The well-defined standard for determining whether a plea was knowing and voluntary is stated as follows:

[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue im-

proper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Major v. State,* 2004 WY 4, ¶ 11, 83 P.3d 468, 472 (Wyo.2004) (quoting from *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Here there was no testimony, or suggestion of any kind, that Kruger was induced by threats, misrepresentation, or improper promises made by the court, the prosecutor, or his own counsel, to accept the plea agreement. Kruger was cooperative and fully aware of the consequences of his guilty plea. We conclude that Kruger's plea, from the totality of the circumstances, was knowing and voluntary.

### Kruger's Burden

■ [¶ 31] In *McCard v. State,* 2003 WY 142, ¶ 11, 78 P.3d 1040, 1043 (Wyo.2003) we held that it is the defendant's burden to show "any fair and just reason." The burden only shifts to the State to demonstrate prejudice to its case, if the defendant first demonstrates "any fair and just reason" for the withdrawal of the plea. The court also explained, "There is a difference between an assertion of innocence and an assertion that the State lacks the requisite evidence to prove the charged crime." *Id.*

[¶ 32] On December 7, 2010, the court convened the scheduled sentencing hearing. The court noted that Kruger was evaluated by the Wyoming State Hospital and found competent to proceed. Defense counsel also noted that Kruger wanted to withdraw his plea on the basis that he was hurried at the arraignment and additional information had come to Kruger's attention. This additional information was "from his wife, who [had] spoken with the parent of one of the alleged victims in this matter, and the twelve-and thirteen-year-olds apparently have acknowledged that all or most of what they reported was fabricated."

[¶ 33] The court continued the sentencing to allow the opportunity for full briefing and the possible opportunity to present evidence. The court noted that this "should be handled in a little bit more deliberative way." At the same time counsel noted that he was ethically obligated to ask for substitute counsel to be appointed. The court agreed and then gave Kruger three weeks to file his motion.

[¶ 34] On February 8, 2011, a hearing on the motion to withdraw was held. Defense counsel was asked by the court if he anticipated calling witnesses. Defense counsel responded that he did not intend to call any witnesses. Thereafter, oral argument was presented to the court. Defense counsel noted during the argument that he was not making an ineffective assistance of counsel argument.

[¶ 35] Kruger's argument focused on his alleged misunderstanding of the implications of changing his plea. Kruger argued that there was a fair and just reason why he could not provide a factual basis. The reason given by his attorney was that he was intoxicated at the time of the incident. Kruger contended that he did not understand the impact of the guilty plea and that, since he entered the plea, the children had retracted their reports. Kruger claimed that he entered the plea on the basis of the children's reports to police.

■ [¶ 36] As explained in *Major,* ¶ 24, 83 P.3d at 479 (citing *Triplett v. State,* 802 P.2d 162, 165 (Wyo.1990)):

We review the court's decision on the motion for an abuse of discretion. Even if a 'plausible' or a 'just and fair' reason for withdrawal is presented, an abuse of discretion is not demonstrated if the requirements of Rule 11 have been met and the record clearly shows that the defendant intelligently, knowingly, and voluntarily entered the plea.

■ [¶ 37] In *Major,* we also emphasized that the factors in *Frame v. State,* 2001 WY 72, 29 P.3d 86 (Wyo.2001) were "a guide to the considerations that may be relevant in determining a motion to withdraw and consideration on the record of each specific factor by the court is not mandatory." We also explained that "[n]o single factor is dispositive, and the ultimate determination on the motion is based upon whether the defendant has carried his burden of establishing a fair

and just reason for withdrawal." *Major*, ¶ 14, 83 P.3d at 473.

### The Frame Factors

[¶ 38] In *Frame*, ¶ 7, 29 P.3d at 89, this Court adopted the seven-factor review process. These factors are: (1) whether the defendant has asserted his innocence; (2) whether the government will suffer prejudice; (3) whether the defendant has delayed the filing of the motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. The district court analyzed Kruger's motion under the seven factors set forth in *Frame*.

[¶ 39] The trial court's order denying Kruger's motion to withdraw the guilty plea was filed on February 11, 2011. The court provided an analysis of the factors set forth in the *Frame* case. With regard to factor one, the court noted that Kruger did not claim innocence at the time of the plea at the arraignment and no evidence was presented. With regard to the prejudice the State would suffer, the court noted: "This factor weighs very slightly in favor of not allowing withdrawal of the guilty plea. It is not dispositive of the issue." The court found only a slight impact on factor two, non-dispositive weight. The court found that as to factor three that Kruger was delayed in filing his motion: "This factor does not present persuasive weight for either party." As to the inconvenience to the court, the court found inconvenience but did not rely on the fourth *Frame* factor and "finds it neutral in the decision." As to factor five, the court indicated that: "[Kruger] is not claiming an ineffective assistance of counsel. Therefore this factor weighs in favor of the State." As to the sixth factor, the court noted: "[Kruger] does not contend that this Court's W.R.Cr.P 11 allocation [sic] was erroneous. Kruger was alert and knowingly and voluntarily entered the plea based on the facts before the court and what took place at the Change of Plea hearing." As to the seventh factor, the court noted: "While there could conceivably

be a waste of judicial resources, as with factor four, the court does not weigh this into consideration in this decision."

[¶ 40] Thereafter, the court denied the motion and concluded that it "does not find a fair and just reason for allowing withdrawal of the plea." The court also found that Kruger was properly informed under W.R.Cr.P. 11 and was properly represented at the hearing. Previously, we have explained that we give deference to the trial court's findings of fact unless those findings are clearly erroneous. *McCard*, ¶ 8, 78 P.3d at 1043.

[¶ 41] We conclude that the district court could have rationally concluded as it did— that Kruger did not present any "fair and just reason" to withdraw his guilty plea. Kruger failed to meet his burden. Kruger did not present any evidence or testimony to the court or argument that the plea was induced by threats, misrepresentation, or any promises that were improper. The court's denial of the motion to withdraw his guilty plea was within its discretion, particularly given that it conducted a thorough and careful hearing in accordance with W.R.Cr.P. 11, wherein Kruger entered a knowing, voluntary, and intelligent guilty plea. Kruger under oath in this case admitted that his plea was entered "freely and voluntarily." *See Demeulenaere v. State*, 2008 WY 147, 197 P.3d 1238 (Wyo.2008).

### Alford Plea

[¶ 42] Kruger alleges that his plea was in the nature of an *Alford* plea. Kruger argues that the trial court's determination as to the first *Frame* factor was in error. It is questionable whether a true *Alford* plea was made in this case. An *Alford* plea involves the court's acceptance of the plea when the defendant simultaneously professes his innocence, *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In this case Kruger never professed his innocence but merely claimed that it may have been difficult for him to establish a factual basis, ostensibly because he was intoxicated. We have reviewed the record in this matter and do not find any indication that Kruger asserted his

innocence; rather, he acknowledged under oath that he had received a copy of the Information and discussed it with his attorney. Furthermore, Kruger received a copy of the affidavit of probable cause and reviewed it with his attorney. Kruger also told the court that it was not necessary to go over the affidavit in detail.

[¶ 43] Again, Kruger did not assert his innocence, but did claim that the victims had changed their stories. It was Kruger's burden to prove that the victims had actually recanted. Kruger presented no credible or admissible evidence in this regard. Kruger apparently relied upon the two exhibits attached to the motion, which were clearly hearsay statements. The two documents include a letter from Kruger's father and the presentence report. Kruger was given the opportunity to present evidence and testimony. The district court stated in this regard, "What I intend to do is allow both parties to call whatever witnesses they want to call and let's do that and move forward." Kruger did not present any witnesses. Simply put, Kruger did not present any evidence to the district court.

[¶ 44] Assuming for the sake of argument only that Kruger's plea could be characterized as an *Alford* plea due to his inability to admit to his participation in the acts constituting a crime, in *McCard*, ¶ 11, 78 P.3d at 1043 we noted, "[t]here is a difference between an assertion of innocence and an assertion that the State lacks the requisite evidence to prove the charged crime." Here, the fact that Kruger was impaired at the time of the crime does not equate to a claim of innocence or that the State lacks the requisite evidence to prove the crime. Furthermore, suggestion, speculation, and hearsay that the victims had recanted are not the type of information that a reasonable person would accept as the basis for the conclusion that Kruger is asserting his innocence.

[¶ 45] Kruger also alleges that there was no definition to support the physical injury found in the statute. Kruger admits that the issue of the injury was not raised in the trial court. This Court has consistently held that an unconditional guilty plea waives any appellate review of non-jurisdictional claims. *Kitzke v. State*, 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo.2002). The only claims not waived by an unconditional guilty plea are those that address the jurisdiction of the court or the voluntariness of the plea. *Id.*

[¶ 46] In deciding whether the district court abused its discretion, this Court must conclude that the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Major*, 83 P.3d 468. We conclude that the district court was extremely patient, deliberate, careful, and reasonable in its handling and consideration of Kruger's motion to withdraw his guilty plea. We also find that the district court could reasonably conclude as it did, and we conclude that the decision was not arbitrary or capricious. Kruger also failed to carry his burden as noted above.

[¶ 47] Wyoming has not chosen to follow the federal provision cited by Kruger, as Rule 11(d)(1) of the Federal Rules of Criminal Procedure is not found in the Wyoming Rules. The Wyoming rule applies a standard of "any fair and just reason" to the withdrawal of a guilty plea before sentencing, as opposed to the federal standard of "any reason or no reason at all." We have stated that a defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and Kruger intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine*, 974 P.2d at 929–30.

[¶ 48] We affirm the district court's denial of Kruger's motion to withdraw his guilty plea to felony child abuse.